82 F.3d 432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jock HAMILTON and United Chemical Corporation, Petitioners,
 Misc. No. 456.
 United States Court of Appeals, Federal Circuit.
 Feb. 26, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 Jock Hamilton and United Chemical Corporation (Hamilton) petition for a writ of mandamus to direct the United States District Court for the District of Arizona (1) to vacate its partial summary judgment of invalidity and (2) to bifurcate the patent and antitrust claims for trial. Hamilton asks that we stay the trial scheduled to commence on February 27, 1996 pending resolution of the mandamus petition.
 
 
 2
 Briefly, Hamilton sued Aquasave et al. for patent and trademark infringement. Aquasave counterclaimed for, inter alia, antitrust violations. The district court granted a partial summary judgment of invalidity of the patent claim based on an on-sale bar and denied other motions for partial summary judgment. Trial on the trademark issues and the antitrust claim is scheduled to commence February 27, 1996.
 
 
 3
 Hamilton argues that the partial summary judgment of invalidity is wrong and that it will be a waste of his resources and of the district court's resources to have a potentially unnecessary trial on the antitrust counterclaim now. Hamilton thus requests, by way of mandamus, that we vacate the partial summary judgment of invalidity and order the district court to conduct a trial on that issue before conducting a potentially unnecessary trial on the antitrust counterclaim. In sum, Hamilton seeks to "appeal" and have instant review of the interlocutory invalidity ruling.
 
 
 4
 "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek" and carry "the burden of showing [their] right to the issuance of the writ is 'clear and indisputable.' " Mallard v. U.S. Dist. Court. for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations omitted). Hamilton has not shown that he lacks "adequate alternative means to obtain the relief" he seeks because on appeal, after final judgment, Hamilton may challenge the district court's invalidity ruling. See United States v. Watson, 603 F.2d 192, 196-97 (CCPA1979) (petitioner did not establish lack of alternative means to obtain relief from the action; that the petitioner "may suffer hardship, inconvenience, or an unusually complex trial" does not provide a basis for the court exercising its discretion to grant mandamus). See also Federal Trade Commission v. Standard Oil Company of California, 449 U.S. 232, 244 (1980) (expenses and burdens of defending action do not constitute irreparable harm such that action taken by administrative agency could be reviewable before the conclusion of the administrative adjudication). The policy against piecemeal litigation outweighs any interest Hamilton may have in avoiding further proceedings and we accordingly decline to grant Hamilton's mandamus petition.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Hamilton's petition for a writ of mandamus is denied.
 
 
 7
 (2) Hamilton's motion to stay the February 27, 1996 trial is denied.